UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMER PROTECTION
ADMINISTRATOR, INC.,

        Plaintiff,

v.

SHASH K. TEJPAUL and
GAIL M. DUNCAN,

        Defendants.
                                                /

No. 07-51015

District Judge David M. Lawson

Magistrate Judge R. Steven Whalen

**ORDER GRANTING MOTIONS TO INTERVENE**

      Before the Court is a Motion to Intervene by Shelia J. Solomon ("Trustee"), trustee of the bankruptcy estate of Jerome Duncan, Inc. ("JDI") [Docket #65], and a Motion to Intervene by Richard Duncan [Docket #74]. Both seek to intervene to file objections to a writ of garnishment directed at garnishee Lincoln Financial Advisors/Lincoln National Life Insurance Co. ("Lincoln"), regarding proceeds from a life insurance policy of which Defendant Gail M. Duncan is the beneficiary. For the reasons set forth below, both motions to intervene are GRANTED.

      Fed.R.Civ.P. 24(a) provides for intervention by right. "[T]o intervene as of right under Rule 24(a)(2), a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Michigan,* 424 F.3d 438, 443 (6th Cir.2005).

-1-

Well before the commencement of the bankruptcy proceedings, Defendant Gail Duncan assigned her interest in the Lincoln life insurance policy to Jerome Duncan, Inc., the debtor in the JDI bankruptcy case. The Trustee therefore has a substantial legal interest in the proceeds, that interest will be impaired if intervention is denied, and the Trustee's rights are adverse to the parties in this case, who will be unable to adequately represent the Trustee's interests.

Richard Duncan, like Plaintiff CPA, is a judgment creditor of the Defendants, by virtue of a multi-million dollar judgment entered by the Macomb County Circuit Court. To the extent that he and CPA seek to execute their respective judgments on the same property, their interests are divergent. Like Lincoln, Richard Duncan meets all four requirements of Rule 24(a).

Accordingly, Lincoln's motion to intervene [Docket #65] and Richard Duncan's motion to intervene [Docket #74] are GRANTED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 8, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 8, 2008.

S/Gina Wilson
Judicial Assistant