UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMER PROTECTION
ADMINISTRATOR, INC.,                              No. 07-51015

    Plaintiff,                                    District Judge David M. Lawson

v.                                                Magistrate Judge R. Steven Whalen

SHASH K. TEJPAUL and
GAIL M. DUNCAN,

    Defendants.
_____/

**ORDER**

    Before the Court is Plaintiff's Motion for Reconsideration [Docket #117], in which CPA requests clarification of this Court's order of December 8, 2008, granting motions to intervene [Docket #112].  In the present motion, Plaintiff appears to not object to the intervention of Lincoln Life Insurance Co. ("Lincoln") and Richard Duncan *per se*, but rather asks to "clarify that this court made no findings of fact or conclusions of law relative to the substantive objections to the garnishment." *Brief in Support of Motion for Reconsideration*, p. 3.

    This is therefore more in the nature of a motion for clarification, rather than a motion for reconsideration under E.D. Mich. L.R. 7.1(g).  However, it doesn't matter, because my order of December 8th needs neither clarification nor reconsideration.  The purpose of a motion to intervene is to grant standing to a person or entity that has a substantial legal interest in the subject matter of the litigation. *See United States v. Michigan,* 424 F.3d 438, 443 (6th Cir.2005).  An order granting a motion to intervene merely grants standing to raise and argue a substantive matter, it does not address or

resolve the merits of the issue. Plaintiff therefore asks this Court to modify its December 8th order well beyond the scope of what was requested in the motions to intervene.

In terms of whether the merits of the garnishment objections are preserved for resolution by the bankruptcy court, the parties and interveners are advised to re-read my Report and Recommendation, issued on December 4, 2008, in which I recommended "[t]hat the Court sustain Lincoln's, Richard Duncan's and Defendant Gail Duncan's objections to the garnishment [Docket #66, #75, and #77, respectively] without prejudice, or in the alternative stay the writ of garnishment, pending the JDI bankruptcy case."[1]

Plaintiff has not demonstrated a palpable defect by which the court and the parties have been misled, or that correcting any defect would result in a different disposition of the motion to intervene. In addition, this motion for reconsideration was untimely filed on December 26, 2008, beyond the mandatory 10-day period set forth in L.R. 7.1(g)(1). Accordingly, Plaintiff's motion for reconsideration [Docket #117] is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 29, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys

---

[1] Plaintiff filed untimely objections to the Report and Recommendation on December 22, 2008 [Docket #116].

and/or parties of record by electronic means or U.S. Mail on December 29, 2008.

            S/Gina Wilson
            Judicial Assistant